# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALASKA AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0946-HE |
| | ) | |
| CURTIS MAUGHAN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Alaska Airlines, Inc. filed this action against Curtis Maughan and Pre-Paid Legal Services, Inc. ("Pre-Paid Legal"), alleging a breach of contract claim against Maughan, a tortious interference with contract claim against Pre-Paid Legal and a defamation claim against both defendants. Pre-Paid Legal filed a motion to dismiss and the court dismissed plaintiff's defamation and tortious interference claims, but granted plaintiff leave to amend. After plaintiff amended its complaint Pre-Paid Legal filed a second motion to dismiss, again challenging plaintiff's defamation and tortious interference claims.

## Background[1]

Plaintiff's claims arise out of a settlement agreement it executed with Maughan. The agreement resolved an age discrimination lawsuit Maughan had filed in this judicial district against Alaska Airlines, his former employer. Maughen was represented in the lawsuit by an attorney retained by Pre-Paid Legal. Pre-Paid Legal markets a plan that provides legal services to subscribers and recruits new agents/employees to generate sales. Plaintiff asserts

---

[1]The facts have been taken from the amended complaint.

that Pre-Paid Legal encourages its employees to advertise "the company's product by describing a personal experience that the agent/employee has had with Pre-Paid Legal" to highlight the benefits of its services. Amended Complaint, ¶ 18.

Maughan became a Pre-Paid Legal agent/employee sometime after he signed the settlement agreement with Alaska Airlines. Plaintiff contends Maughan, in conjunction with his employment with Pre-Paid Legal, has disclosed information that was designated confidential under the terms of the settlement agreement. Plaintiff alleges that, "[i]n furtherance of Pre-Paid Legal's policy of advertising personal experiences, Maughan disclosed confidential information regarding the Settlement Agreement and made false statements regarding the Underlying Lawsuit and settlement ... as part of his sales pitch to obtain new business for Pre-Paid Legal in his role as an agent/employee for Pre-Paid Legal." *Id.,* ¶ 19. Plaintiff asserts that Pre-Paid Legal was aware of Maughan's duty of confidentiality yet encouraged, instructed or ratified his breach of his contractual obligations, "in furtherance of generating new business for it through Maughan's communications." *Id.,* ¶ 34. Plaintiff also alleges Maughan made "false, malicious, and defamatory statements to third parties regarding Alaska Airlines," which "were published in Maughan's scope of agency/employment in soliciting business for Pre-Paid Legal." *Id.,* ¶ 43.

Analysis

When considering whether a claim should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, the nonmoving party. <u>Anderson v. Suiters</u>, 499 F.3d 1228, 1232

(10th Cir. 2007). A claim will be dismissed if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." *Id.* (Internal quotations omitted).

Pre-Paid Legal contends plaintiff has failed to plead a defamation claim because the alleged defamatory communication – an e-mail Maughan sent an Alaska Airlines' employee – was not published to a third party, was not within the scope of Maughan's employment with Pre-Paid, as it was a personal communication between Maughan and a former co-worker, and did not include a solicitation for a Pre-Paid Legal product or services. The court disagrees. The email can be construed as a business solicitation made by Maughan as a Pre-Paid Legal employee, and the court finds plaintiff has sufficiently alleged that the defamatory statements were published.[2]

Pre-Paid Legal contends plaintiff's tortious interference claim fails because plaintiff has again failed to specify an actual pecuniary loss. The defendant argues that plaintiff's allegations that its reputation has been harmed, that Pre-Paid Legal has benefitted by the asserted interference and that the settlement agreement specifies an amount of liquified damages are insufficient to establish the actual loss required by Oklahoma law to establish the damages element of a tortious interference claim. The court agrees.

"It is well established that Oklahoma has embraced two variations of the intentional tortious interference claims found at sections 766 and 766B." Wilspec Tech., Inc. v. Dunan Holding Group Co., LTD, 204 P.3d 69, 71 (Okla. 2009). Section 766 provides:

---

[2]*The defendant is not, however, precluded from raising the issue of publication again on summary judgment, if appropriate.*

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the <u>pecuniary loss</u> resulting to the other from the failure of the third person to perform the contract.

Restatement (Second) of Torts, § 766 (emphasis added). The specific wording of the Restatement supports defendant's contention that the tort requires proof of actual loss.[3] *Id.*, comment t ("The cause of action is for pecuniary loss resulting from the interference."). It is intended to compensate a party for money damages caused by the third party's breach of contract.[4] Tech Plus, Inc. v. Ansel, 793 N.E.2d 1256, 1262 (Mass.App.Ct. 2003) (court rejected plaintiffs' assertion that "they need only demonstrate damages for emotional distress and harm to their reputation in order to recover for their intentional interference claims," concluding that "'[i]t is clear, under decided cases, that the essence of the tort is damage to a business relationship or contemplated contract of economic benefit.'") (quoting Ratner v. Noble, 617 N.E.2d 649, 650 (1993)); *see* Crystal Gas Co. v. Oklahoma Natural Gas Co., 529 P.2d 987 (Okla. 1974); *see generally* Bressler v. Am. Fed'n of Human Rights, 44 Fed. Appx. 303, 341 (10th Cir. 2002) (unpublished) (Comment t to Restatement (Second) of Torts § 766, which had been adopted by the Colorado courts, "suggest[s] that actual damage- 'pecuniary loss' – is intrinsic to the cause of action [for the tort of intentional interference with contract]").

---

[3] *See* Black's Law Dictionary 1167 (Brian Garner Ed., 8th ed. 2004) (defining "pecuniary" as "[o]f or relating to money; monetary."

[4] "[R]ecovery may be had also for consequential harms for which the interference was a legal cause." Restatement (Second) of Torts, § 766, comment t.

Plaintiff has not cited any authority to the contrary. The Tenth Circuit did refer to a plaintiff's ability to recover for harm to reputation when suing for tortious interference with contract in Australian Gold, Inc. v. Hatfield, 436 F.3d 1228, 1237 (10th Cir. 2006). However, the court was not deciding the issue present here – whether a party can recover for tortious interference in the absence of some type of monetary loss. The Tenth Circuit was merely enumerating the different types of damages that can be recovered for tortious interference, citing Restatement (Second) of Torts § § 766, 774A.[5] The plaintiff in Australian Gold had sustained economic losses.

While Alaska Airlines has suggested different ways its damages can be measured, it has not alleged that it sustained a pecuniary loss caused by Maughan's asserted breach of the confidentiality provisions of the settlement agreement.[6] Its tortious interference claim will therefore be dismissed.

Accordingly, defendant Pre-Paid Legal's motion [Doc. #36] is **DENIED** with respect to plaintiff's defamation claim and **GRANTED** with respect to plaintiff's tortious interference with contract claim.

---

[5]*Section 766 of the Restatement (Second) of Torts refers to § 774A for the elements of damages.*

[6]*The court finds plaintiff's request for injunctive relief does not eliminate the need for it to show some type of pecuniary loss.*

**IT IS SO ORDERED**.

Dated this 17th day of May, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE